# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WYNDHAM GARY,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>BADGER PROCESS SERVICES, INC.<br>and GURSTEL LAW FIRM, P.C.,<br><br>　　　　　　　　　Defendants. | Case No. 17-CV-1016-JPS<br><br><br><br>**ORDER** |

　　　　Plaintiff filed this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and 42 U.S.C. § 1983, alleging that he was not properly served with process in a Milwaukee County Circuit Court action. *See* (Docket #22). The Court entered a trial scheduling order in this matter on September 11, 2017, setting a trial date of July 16, 2018 and a dispositive motion deadline of March 30, 2018. *See* (Docket #21).

　　　　Defendants filed a joint motion to dismiss Plaintiff's amended complaint on October 6, 2017, arguing that service in the state-court action was proper and that, as a result, Plaintiff has failed to state viable claims for relief. (Docket #23). Thereafter, on October 11, 2017, Defendants filed an expedited motion to stay discovery in this case during the pendency of their motion to dismiss. (Docket #26). Defendants argue that because granting their motion would result in dismissal of this case, it would be burdensome for them to comply with Plaintiff's pending written discovery and deposition requests at this time. *Id.* at 2–3. Plaintiff opposes the motion, contending that because of the Court's aggressive schedule for

resolution of this case, he cannot wait to proceed with discovery. (Docket #27 at 1). Plaintiff is open to a stay only if the Court will push back its existing deadlines. *Id.* at 2.

The Court will deny the motion to stay. It has long been the prerogative of this branch of the Court to ensure that actions are resolved within one year of the date they are filed. This is consistent with the Court's power over scheduling under the Federal Rules of Civil Procedure, and in particular the admonishment of Rule 1 that the Court has a duty to ensure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Mothballing a case for over a month while Defendants' motion is briefed would countermand that goal. *See* Civ. L. R. 7(b)–(c). Certainly, nothing in the Federal Rules suggest that cases are to be halted any time a potentially dispositive motion is filed, especially when the motion does not touch upon alleged jurisdictional defects. *See Omegbu v. Wis. Elections Board*, No. 05 C 596, 2006 WL 581210, at *1 (E.D. Wis. Feb. 6, 2006); *Simstad v. Scheub*, No. 2:07 CV 407, 2008 WL 1914268, at *1 (N.D. Ill. Apr. 29, 2008) ("The filing of a motion to dismiss by itself does not mandate a stay of discovery pending resolution of that motion[.]"). Furthermore, Defendants claim no special hardship in complying with what appear to be Plaintiff's routine discovery requests. In the end, all parties are expected in this branch of the Court to use their allotted year wisely and in view of the end game—that is, a trial of this case in July 2018. As a result, the Court will deny Defendants' motion to stay discovery.

Accordingly,

**IT IS ORDERED** that Defendants' expedited motion to stay discovery in this case (Docket #26) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge